IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER KING,**

**Petitioner,**

vs.                                             Case No. 16-cv-00300-DRH

**T. WERLICH,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Christopher King is currently incarcerated at Greenville Federal Correctional Institution, located within the Southern District of Illinois. He brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2241, challenging the sentencing court's determination that his prior conviction for aggravated assault qualified as a prior offense for purposes of the Armed Criminal Career Act ("ACCA") under 18 U.S.C. § 924(e).

On December 21, 2006, petitioner was sentenced to 188 months for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), in the United States District Court for the Eastern District of Missouri. Petitioner's sentence included an enhancement pursuant to the ACCA, 18 U.S.C. § 924. He declined to

file a direct appeal. Subsequently, he filed a motion pursuant to 28 U.S.C. § 2255 with the United States District Court for the Eastern District of Missouri. On July 31, 2008, his motion was denied.

Following the United States Supreme Court's decision in *Begay v. United States*, 533 U.S. 137 (2008), petitioner sought to challenge his sentence via 28 U.S.C. § 2241 in the United States District Court for the Southern District of Illinois. This Court determined that petitioner's conviction nonetheless qualified as a "violent felony" under the ACCA and denied his petition. *King v. Cross*, No. 10-cv-879-DRH (S.D. Ill., Doc. 25). Petitioner appealed to the Seventh Circuit, which affirmed this Court's decision. *King v. Cross*, No. 12-1159, 2012 WL 10235795, at *1 (7th Cir. Mar. 12, 2012).

On September 11, 2015, petitioner again filed a § 2241 petition in this Court challenging the sentencing court's determination that his prior conviction for aggravated assault under Ohio law qualified as a predicate offense for purposes of the ACCA. He maintained that the sentencing court relied on the "residual clause" of the ACCA when it made that determination. Relying on *Johnson v. United States*, 135 S.Ct. 2551 (2015), which invalidated the residual clause of the ACCA, petitioner argued that his prior aggravated assault conviction should not have been used to enhance his present sentence. This Court dismissed the petition, holding that it did not fall within 28 U.S.C. § 2255(e)'s "savings clause" because the *Johnson* decision announced a new substantive rule of

*constitutional law*, not statutory interpretation. *King v. Cross*, 15-cv-997-DRH (S.D. Ill., Doc. 3).

On October 6, 2015, petitioner applied for permission to file a successive § 2255 petition with the Eighth Circuit. The appellate court denied the application, but did not provide any basis for its decision. *See King v. United States*, 15-cv-3222 (8th Cir.).

**IT IS HEREBY ORDERED** that respondent shall, within thirty (30) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service. **IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to

provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**April 11, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.04.11 15:42:04 -05'00'

**United States District Judge**