IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER KING,**

        Petitioner,

                              Civil No.  16-cv-300-DRH-CJP

vs.

**T. WERLICH,**

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Christopher King, an inmate in the Bureau of Prisons, filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 1).

In 2006, petitioner was sentenced in the Eastern District of Missouri to 188 months imprisonment after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). His sentence was enhanced pursuant to 18 U.S.C. §924(e) (the Armed Career Criminal Act, or ACCA). According to petitioner, his conviction for Ohio fourth-degree aggravated assault was found by the sentencing court to be a violent felony under the residual clause of the ACCA. Relying on *Johnson v. United States*, ––– U.S. –––, 135 S.Ct. 2551 (June 26, 2015), petitioner now argues that he is entitled to be resentenced without the ACCA enhancement.

1

## Relevant Facts and Procedural History

King did not file a direct appeal. He did, however, file a motion under 28 U.S.C. §2255 in the Eastern District of Missouri. He asserted ineffective assistance of counsel in connection with his sentencing, but did not argue that the residual clause of the ACCA is unconstitutional. The motion was denied in all respects. *King v. United States*, Case No. 07-cv-1987-JCH, Doc. 7 (E.D. Mo., July 31, 2008). King did not appeal.

In 2010, King filed a §2241 petition in this district relying on *Begay v. United States*, 128 S. Ct. 1581 (2008). This Court denied the petition. *King v. Cross*, No. Case No. 10-cv-879-DRH, Doc. 25 (S.D. Ill., November 23, 2011). The Seventh Circuit affirmed. *King v. Cross*, No. 12-1159, 2012 WL 10235795 (7th Cir. Mar. 12, 2012).

In September 2015, King filed a second §2241 petition in this district, relying on *Johnson v. United States, supra*. Because *Johnson* announced a new substantive rule of constitutional law, not statutory interpretation, this Court concluded that the petition did not fit within the "savings clause" of 28 U.S.C. §2255(e). Therefore, the petition was dismissed on preliminary review. *King v. Cross*, Case No. 15-cv-997-DRH, Doc. 3 (S.D. Ill., September 30, 2015).

King then filed an application for leave to file a second or successive §2255 motion in the Eighth Circuit, citing *Johnson*. The Eighth Circuit denied the application without giving the basis for its decision. *King v. United States*, Case No. 15-3222 (8th Cir., March 9, 2016).

Petitioner filed the instant §2241 petition on March 21, 2016. Respondent has entered an appearance but has not answered the petition. However, in view of the clarity of the issue presented and of the approaching deadline for filing another application for leave to file a second or successive §2255 motion, the Court deems it appropriate to decide the merits of the petition now.

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

3

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). See, *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), and its progeny.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case, not a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* the new rule must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

The Seventh Circuit's cases following *Davenport* have held that "there must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## Analysis

King relies on *Johnson v. United States,* ⎯⎯ U.S. ⎯⎯, 135 S. Ct. 2551 (June 26, 2015). In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson,* 135 S. Ct. at 2563. *Johnson* announces a new rule of constitutional law, not a rule of statutory construction. See, *Price v. United States,* 795 F.3d 731, 734 (7th Cir. 2015).

In order to fit within the savings clause under *Davenport*, a petitioner's argument must rely upon a new rule of statutory construction. *Brown v. Caraway*, 719 F.3d at 586. As this Court explained in dismissing King's second §2241 petition in this district, because *Johnson* announced a new rule of constitutional law, the holding of *Johnson* cannot be the basis for a §2241 petition.

While *Johnson* cannot be the basis for a §2241 petition, it may present grounds for filing a second or successive §2255 motion. A second or successive §2255 motion requires permission from the appropriate court of appeals, and is allowed when the court of appeals certifies that the petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2).

On April 18, 2016, the Supreme Court held that *Johnson* announces a new substantive rule of constitutional law that is retroactive to cases on collateral review. *Welch v. United States*, __ S. Ct. __, 2016 WL 1551144 (April 18, 2016).

As King well knows, because he previously filed a §2255 motion, he must seek permission to file a second or successive §2255 motion with the federal court of appeals of the circuit in which he was sentenced. See 28 U.S.C. § 2244(b)(3). For petitioner, that is, of course, the Eighth Circuit Court of Appeals. This Court expresses no opinion as to whether, in light of *Welch*, the Eighth Circuit would grant petitioner leave to file a second or successive §2255 motion, or whether petitioner would ultimately be entitled to relief under *Johnson*.

It is important to note that 28 U.S.C. 2255(f)(3) requires that a §2255 motion relying on a newly-recognized right must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court…." *Johnson* was decided by the Supreme Court on June 26, 2015. Further, the one-year period prescribed by 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted, and *not* from the date the newly recognized right was found to be retroactive. *Dodd v. United States*, 125 S. Ct. 2478, 2482 (2005).

As discussed above, petitioner's *Johnson* argument relies on a constitutional case, and not a case of statutory construction. Therefore, his petition does not meet the first of the *Davenport* conditions. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Accordingly, petitioner's §2241 petition (Doc. 1) must be **DISMISSED**.

## Conclusion

Christopher King's petition for writ of habeas corpus under 28 U.S.C. §2241 **(Doc. 1)** is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**Dated: April 20, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.04.20 13:41:20 -05'00'

**United States District Court**

## Notice

If petitioner wishes to appeal the dismissal of his petition, he may file a notice of appeal with this court within 60 days of the entry of judgment. Federal Rule of Appellate Procedure 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).